54 F.3d 764
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Orlando DIAZ-OJEDA, Plaintiff, Appellant,
v.
Pedro TOLEDO, Superintendent, The Commonwealth of Puerto
Rico Police Department, et al., Defendants, Appellees.
 No. 95-1044.
 United States Court of Appeals,
First Circuit.
 May 22, 1995.
 
 Orlando Diaz-Ojeda on brief pro se.
 Carlos Lugo Fiol, Acting Solicitor General, and Lorraine J. Riefkohl, Assistant Solicitor General, Department of Justice, on brief for appellees.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Orlando Diaz-Ojeda, appeals from the district court's denial of his motion to proceed in forma pauperis. See Roberts v. United States District Court, 339 U.S. 844, 845 (1950) (holding that denial of motion to proceed in forma pauperis is immediately appealable). We affirm.
 
 
 2
 Under 28 U.S.C. Sec. 1915(a), a court may authorize the commencement of a law suit "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." A district court's determination of a party's ability to pay such costs is a "determination that will 'not be lightly overturned.' " United States v. Lyons, 898 F.2d 210, 216 (1st Cir. 1990) (citation omitted). See also Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) ("Under 28 U.S.C. Sec. 1915, the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court").
 
 
 3
 We have carefully reviewed the record, including plaintiff's affidavit accompanying his motion to proceed in forma pauperis, and the parties' briefs. The record reveals that plaintiff lives with his parents, pays no rent, has no dependents and receives government unemployment payments. Under these circumstances, we conclude that payment of the $120 filing fee and other costs would not deprive plaintiff of the "necessities of life." Adkins v. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948). Therefore, the district court did not abuse its discretion in denying plaintiff's motion.
 
 
 4
 The district court's order of December 13, 1994, denying plaintiff's motion to proceed in forma pauperis is affirmed.